## David McPhail et al. v. W. M. Burris.

1. HEAD-RIGHT—BOARD OF LAND COMMISSIONERS.—It was part of the duty of the Board of Land Commissioners to determine the class to which each head-right certificate belonged, and their action in so doing cannot be attacked collaterally, if at all.
2. RECITALS.—The recitals in a land certificate are binding upon all persons claiming under it.
3. TAX SALES—RETROSPECTIVE LAW.—The act of February 11, 1860, (Pas. Dig., 5188,) making the assessor's deed *prima facie* evidence that all the prerequisites of the exercise of the power to sell land for taxes had been complied with, does not enlarge the legal import of a tax deed made prior to the passage of such law. Such law will not be given a retrospective effect.

APPEAL from Harrison. Tried below before the Hon. J. B. Williamson.

Wm. M. Burriss, June 10, 1870, brought an action of

trespass to try title against David McPhail and Thomas Wagnon for five hundred and fifty-six acres of land of the head-right of John Ward.

Defendants plead not guilty, and suggested improvements.

June term, 1871, Louisa Wagnon and Mary McPhail had leave to intervene, and they set up claim to the land, under a tax sale and deed of date 20th October, 1851, the tax sale having been made for non-payment of taxes by John Ward, the original grantee of the land. The intervention sought to defeat the plaintiff's title, because claimed by virtue of a bond for title from Ward for the land, of date 3d May, 1844; that such bond was satisfied by Ward's transfer of eighty-four acres thereof 7th September, 1854.

On the trial plaintiff averred patent for the land to John Ward, of date April 11, 1854.

Bond from Ward to Burriss as follows:

" HARRISON COUNTY, }
" *Republic of Texas.* }

" Know all men by these presents, that I have this day bargained, granted, and sold unto W. M. Burriss, of Lamar county, five hundred and fifty-six acres of land, it being the balance remaining unsurveyed on my head-right of 640 acres, for the valuable consideration of one thousand dollars to me in hand paid, the receipt whereof I do acknowledge. Therefore, for and in consideration of the above-named sum, I bind myself, my heirs, executors, and administrators, firmly by these presents, to do and perform all the duties required, and make a good title in fee simple to whatever land that said Burriss or his assigns may locate said balance of my head-right upon within the Republic of Texas. And, in case of my failure on my part to make a title to said land to said Burriss, his heirs or assigns, I bind myself, my heirs and administrators, to refund the above-mentioned sum to said Burriss, his heirs or assigns.

"In testimony whereof I set my hand and seal this May 3d, 1844.                    JOHN WARD.  [SEAL.]

  " Test :

    " G. L. WYNNE,

    " BERRY H. DURHAM."

Deed from Ward to Burriss for an undivided interest in the same tract, of 84 acres, in consideration of thirty dollars, of date September 7th, 1854, in which is recited: " The balance of which said survey here described now belongs to said Burriss."

Plaintiff read order of Board of Land Commissioners of Harrison county, granting to Ward his unconditional certificate of date August 5th, 1844, as follows:

" No. 298. John proves that he is entitled to 640 acres of land by virtue of a certificate No. 74, second class, issued by the Board of Land Commissioners of Sabine county, dated 6th September, 1839."

The intervenors proved the assessment of taxes against John Ward for the year 1849, and deed of A. J. Payne, assessor and collector of taxes for Harrison county, to Heath and McPhail, (from whom intervenors showed title,) for the land sued for, of date 20th October, 1851, reciting that Ward was owing $55\frac{1}{2}$ cents and to the county $27\frac{3}{4}$ cents taxes for 1849.  There was evidence as to possession, improvements, and rents.

In response to special issues submitted by the court, the jury found :

1. There was a head-right certificate issued by the Board of Land Commissioners to John Ward for 556 acres, dated 6th September, 1839, of second class.

2. Said Ward did obtain from the State of Texas a patent for 556 acres on April 11th, 1854.

3. Ward did execute to Burriss, May 3d, 1844, a bond for 556 acres of land.

4. Ward did convey to Burriss, by deed, 84 acres, 7th September, 1854.

5. A. J. Payne (assessor and collector) did convey to Heath and McPhail 556 acres of land 20th October, 1851; deed filed for record on 21st November, 1853.

6. Heath and McPhail did convey said land to intervenors November 26th, 1866.

7. Said land was sold to secure the taxes as the property of Ward for his (Ward's) poll tax.

8. Improvements were worth $100, and the value of the rents worth nothing.

Upon this verdict judgment was rendered for plaintiff for the land. Motion for new trial was overruled, and McPhail and Wagnon appealed.

*H. McKay*, for appellant, cited Pas. Dig., arts. 4167, 5188; Turner *v.* Hart, 9 Tex., 385; 26 Tex., 643; Bigelow on Estoppel, 292, note 1; Wofford *v.* McKinna, 23 Tex., 43; O. & W. Dig., arts. 409, 411, 1976, 1978, 1979; Slater *v.* Maxwell, 6 Wall., 273.

*G. Lane*, for appellee, cited Hart. Dig., Arts. 1865, 1924, 3145, 3184, 3204; Yenda *v.* Wheeler, 9 Tex., 419; Wheeler *v.* Yenda, 11 Tex., 563; Robson *v.* Osborn, 13 Tex., 307; Divine *v.* McCulloch, 15 Tex., 490; Games *v.* Stiles, 14 Peters, 332.

MOORE, ASSOCIATE JUSTICE.—It certainly cannot be seriously denied that it was the duty of the Boards of Land Commissioners to determine under what law applicants were entitled to the certificates issued to them. In doing this, evidently the board determined the class to which the certificate belonged. In the absence of controverting testimony, the action of the board must be regarded as sufficient to establish the fact to be as determined by it, if, indeed, the class to which the certificate belonged, which necessarily entered into the decision of the applicant's right to the certificate, can collaterally be brought in question.

10

As both parties claimed under the same source of title, of which the certificate to Ward was the foundation, the recitals in it were legitimate evidence for or against either of them.

These suggestions are sufficient to show that the title to the certificate had passed from Ward to Burriss long before the tax sale upon which the appellant rests his defense.

But, as appellant made no effort to show that the pre-requisites to the exercise of the power to make the sale had been complied with by the assessor, the tax title introduced by them furnished no evidence of title to the land in favor of the parties claiming under it. And as in the deed from Ward to appellee, executed in 1854, he admits appellee was the owner of all the land not conveyed to him by said deed, which admission is sufficient evidence of title to the land sued for to warrant its recovery against mere trespassers seeking to defend under Ward's title, which is the position of appellant, without proof of the facts necessary to support the tax title, it follows, even if Ward's deed for the certificate was admitted to be void, the judgment in favor of appellee is still correct. The law making the assessor's deed *prima facie* evidence that all the prerequisites to the exercise of the power to sell the land for taxes had been complied with, was enacted long subsequent to the sale of the land by the assessor and the execution of the deed here in question. To give this subsequent statute application to this deed, and thereby vary and enlarge its legal import from that which it had when enacted, would bring the law in conflict with that provision of the Constitution which forbids the passage by the Legislature of retrospective laws.

Other objections made to the judgment present no question which need be discussed.

There is no error in the judgment, and it is therefore affirmed.

                                        AFFIRMED.