## A. A. BRADSHAW v. J. P. SMITH ET AL.

*(Case No. 3660.)*

1. PETERS' COLONY CERTIFICATE — MERGER — STATUTE CONSTRUED.— A land certificate was issued by the county court of Collin county on August 20, 1855, to one who was adjudged entitled to it as a colonist of Peters' colony; and on October 24, 1856, a patent issued to land covered by a portion of that certificate, and under which it had been located and surveyed; the land was within the Pacific Railroad reservation. After the issuance of patent, the certificate (there being still an unlocated balance) was presented to the board appointed under the act of January 5, 1858 (Pasch. Dig., art. 872), and was rejected. In a contest between those holding under the patentee, and the owners of a certificate located and surveyed on the same land, on February 25, 1871, *held* —

    1. The rejection of the certificate as to the unlocated balance, merely showed that the certificate had issued to a party not entitled to it, and could not affect the validity of the patent to land covered by the portion first located.

    2. The certificate having been issued by competent authority, was not subject to be collaterally attacked after merger into patent; being thus issued, it was, within the meaning of the statute, genuine.

APPEAL from Ellis. Tried below before the Hon. Zimri Hunt.

Hendricks & Smith brought this suit on the 11th day of December, 1875, in trespass to try title, against appellants, to recover possession of the Peter Rouche 415 acres survey of land, situated in Ellis county, and claiming title to the same, on the 1st day of November, 1875, when defendants entered and dispossessed them, and continue to withhold it from them.

The appellants presented two issues:

*First.* Plea of not guilty.

*Second.* Plea of valuable improvements, made in good faith.

A jury was not demanded, and the cause was tried by the judge, Hon. Z. Hunt, on the 7th day of December, 1877, who gave judgment for plaintiffs for the land, and for the defendants $2,000 ($1,000 to each defendant) for improvements, the

plaintiffs admitting that they might be possessors in good faith, even though their title was void.

Appellees proved that they were the legal owners of the Peter Rouche bounty warrant for 1,280 acres, and caused the land in controversy to be legally surveyed by virtue of that warrant, on the 25th day of February, 1871, and had the field notes properly recorded, and returned with the warrant to, and filed in, the general land office, within twelve months from the date of survey; that the Peter Rouche bounty warrant was a legal and genuine claim, recognized by the laws; that H. G. Hendricks died intestate on the 13th day of March, 1873, and that the parties made co-plaintiffs with J. P. Smith were the widow and children and only heirs of decedent.

Under the plea of not guilty, defendants introduced a patent for 415 acres, covering the same land as the Peter Rouche survey, issued to James M. Browder, assignee, on the 24th of October, 1856, by virtue of certificate No. 53, issued by the county court of Collin county on the 20th day of August, 1855, for 640 acres, to Conrad Travis, as a colonist in Peters' colony; also a deed of gift from Browder to the defendants. They also proved that they went into possession in 1874, and had made valuable and permanent improvements — $1,000 each — over and above value of use and occupation.

The plaintiffs then proved that the Conrad Travis survey was made on the 21st day of December, 1855, and the patent issued on the 24th of October, 1856, within the limits of the Mississippi & Pacific Railroad reservation, and during its pendency; that the Travis certificate was issued on the 20th day of August, 1855, and was not approved but rejected by the board appointed under act of January 5, 1858 (Pasch. Dig., art. 872), and was never declared valid by the district court; that the unlocated balance, 225 acres, of the Travis certificate was presented with the proof on which the original certificate issued to that board, then in session at McKinney, Collin county, on July 26, 1858, and was rejected by it.

Browder testified that he did not relocate the land because

he told the board that he had a patent on the land, and Hendricks, who was a member of the board, told him that if he had a patent the board had nothing to do with patents, and that his title was good; Browder said he did not exhibit his patent to the board; and did not tell them that it was void because issued contrary to law on reserved land, and that he relied on his patent and disregarded the law of February 4, 1858, and January 24, 1860 (Pasch. Dig., art. 872; Gen. Laws 1860), and took no steps to establish the certificate in the district court.

It was admitted that Browder, when he bought the certificate and procured his patent, believed the certificate genuine, and that he had no knowledge at the time of fraud in procuring the issuance of the certificate.

*Amizi Bradshaw* for appellants.

I. Appellants have the better title, notwithstanding their location, survey and patent may have been made and issued during and pending the Mississippi & Pacific Railroad reservation. Their title is perfect on its face and has no patent defects. · That the plaintiffs below could not attack it, as their location was not made until long after appellants' patent had issued. Wright *v.* Hawkins, 28 Tex., 452; Sherwood *v.* Fleming, 25 Tex. Sup., 408; White *et al. v.* Burnley, 20 How., 235; Spencer *v.* Lapsley, id., 274.

II. Appellants' location, survey and patent were made according to the statute in such cases made and provided. Pasch. Dig., art. 868.

III. Even allowing that appellants' location, survey and patent were made and issued in and during the pendency of the Mississippi & Pacific Railroad reservation, and that their certificate was fraudulently obtained, still, as the certificate had been transferred to an innocent purchaser, not connected with or having any knowledge of the fraud, they would have the better title. See opinion of Attorney General U. S., March 15, 1856, and authorities referred to; Attorney General, No.

7, p. 657. It submitted that this opinion was not in conflict with any of the opinions or decisions of the United States supreme court at that time, and I know of none since in conflict. See Fletcher *v.* Peck, 2 Curtis U. S. Rep., 328; Lee *v.* Munroe, 2 Curtis, 574; White *v.* Burnley, 20 How., 248; Smith *v.* State of Texas, 5 Tex., 405; Spencer *v.* Lapsley, 20 How., 272.

IV. Appellants affirm, and it is not denied, that if their certificate had been genuine, all other defects were cured by article 5051 of Paschal's Digest. This statute must be liberally construed in favor of those who claim its benefits.

V. Appellants affirm that a land locator cannot now, and never could, locate land after it had been patented to another and passed into the hands of an innocent purchaser.

VI. Appellants affirm that it was not the intention of the legislature, by the act of February 4, 1858 (Pasch. Dig., art. 872), to ascertain what land certificates had been illegally issued by the county courts in Peters' colony (for the purpose of annulling patents that had been already issued), but " to provide for issuing patents on such of said certificates as are legal." It is the duty of the court to construe this statute most strictly against the state, and most liberally in favor of those whose rights are affected by it.

*I. P. Smith* and *Walton, Green & Hill* for appellees.

Appellees insist that the first, second, third and fifth affirmations of appellants' brief are not maintainable as propositions of law applicable to the facts of this case, and submit the following propositions:

I. Every patent issued for land within the limits of the Mississippi & Pacific Railroad reservation between the 21st day of December, 1853, and the 1st day of March, 1857, on a location and survey made within said time, by virtue of a Peters' colony certificate, was null and void; such patent, being void, did not sever the fee of the land embraced in such void patent from the public domain, and the certificate was not merged in such patent, but remained subject to legislative

control, in the hands of the original grantee, or any assignee. It was only an inchoate right.

II. The courts will take judicial cognizance of the fact that all lands in Ellis county are within the limits of said railroad reservation.  Wright v. Hawkins, 28 Tex., 452.

III. The act of February 4, 1858 (Pasch. Dig., art. 872), "to ascertain what land certificates had been illegally issued by the county courts of counties in Peters' colony," etc., is constitutional in all its provisions; and every certificate issued by the county courts, in Peters' colony, subsequent to the 1st day of February, 1855, which had not been merged in a legal and valid patent at the date of said act, and was rejected, or not approved by the board of commissioners appointed under said act, and has not been established in the district court, is null and void;·and any patent issued on such void certificate is also null and void.  Pasch. Dig., arts. 882, 5038, note 1107; Hosner v. De Young, 1 Tex., 769; Kimmell v. Wheeler, 22 Tex., 77; Sherwood v. Fleming, 25 Tex. Sup., 408; Wright v. Hawkins, 28 Tex., 452; Woods v. Durrett, id., 429.

IV. The Travis certificate stood rejected and condemned as fraudulent under the law. (Pasch. Dig., art. 882.)  It was therefore null and void and not genuine.  The act (Pasch. Dig., art. 5051) contemplates that patents have been issued as well as surveys made upon colony certificates that were not to be confirmed or made valid.  Only the holders of genuine certificates were to be benefited.

V. The law did not seek to annul patents, because a patent legally issued would be beyond legislative control; but a patent that was void did not need to be annulled; it was in law no patent at all, and the act operated upon the certificate, which was not merged in the void patent but remained a mere inchoate right.

GOULD, ASSOCIATE JUSTICE.— The questions arising in this case are the same as in the case of Hendricks v. Wilson, just decided.  It appears, however, that only a part of the county

court colony certificate was located on the land in controversy, and had been patented at the date of the passage of the act of February 4, 1858. An unlocated balance of that certificate was rejected by the commissioners under that act, when presented for their approval, not by the holder of the patent, but by some one else. There is also evidence from which it is to be inferred that the act of February 4 was not at the time construed by the commissioners, or others, as requiring holders of patents to present their certificates already merged into patents, for approval. If the unlocated balance of the certificate was rightly rejected, it merely shows that the original certificate issued to a party not entitled to it. The certificate having been issued regularly by the competent tribunal, was not subject to be collaterally attacked, especially after having been merged into a patent, and was, within the meaning of the statute, genuine. Babb *v.* Carroll, 21 Tex., *766;* Walters *v.* Jewett, 28 Tex., 192.

In accordance with the views expressed in Hendricks *v.* Wilson, the judgment is reversed, and rendered in favor of the defendants below, appellants in this court.

Reversed and rendered.

[Opinion delivered June 15, 1880.]