# BURKETT AND MURPHY vs M. D. SCARBOROUGH.

### SUPREME COURT, AUSTIN TERM, 1883.

*Board of Land Commissoners—-After long lapse action conclusive.* The <u>action</u> of the <u>board of land commissioners,</u> over <u>forty</u> years ago, in deciding a question of heirship and in issuing to such heirs a land certificate, <u>must</u>, after the lapse of so great a time <u>be held conclusive.</u>

*Evidence—Land Office Copy.*—A certified copy of a transfer of a certificate from the general land office, the original being an archive, is admissible in evidence.

*Authentication of Deed.* The <u>authentication of a deed is defective and was properly excluded</u> when the <u>certificate of the officer fails to show that the instument was sufficiently explained to the wife, and that it fails to show she was asked whether she desired to retract the deed.</u>

Appeal from Milam County.

*T. T. Gammage,* for plaintiff.

*N. P. Garrett, Hefley,* & *Wallace,* for defendants.

### STATEMENT.

Appellee brought his suit against appellants in the district court of Milam county, averring that he was seized and possessed on 21st, June, 1881, of 300 acres of land, a part of the one-third league patented to the heirs of Mariana Moro, Jr., in Milam county, Texas. That defendants entered on this 300 acre tract of land and removed therefrom 432 cords of wood belonging to plaintiff, of the value of one thousand dollars, for which as well as five hundred dollars vindictive damages, he prays judgment.

Defendants answer by plea not guilty, and general denial. Defendants further answer denying that the cordwood ever belonged to plaintiff; that if he ever purchased the land from which it was cut, that at the time of his purchase the wood was a chattel severed from the realty, made by the labor and skill of defendants under a claim of ownership of the land and trees into manufactured timber, and did not pass by deed of purchase to plaintiff That defendants were in possession under a regular chain of title from the sovereignty of the soil to the 300 acres of land, as well as the balance of the survey. The plaintiff was a trespasser, and charged damages by way of rents and cutting timber, etc., by plaintiff, and prayed for plaintiff's pretended title to be removed as a cloud on defendant's title, and for their writ of possession, etc. That if plaintiff was entitled to recover at all he could only recover the value of the wood standing in the tree, and not in its manufactured state, etc. To this cross bill plain-

tiff filed plea of not guilty. Nov.13, 1882, the case was submitted to the court upon both the law and facts. The court adjudged that the demurrer of defendants to plaintiff's bill be overruled, and that the plaintiff recover of the defendants the value of the 432 cords of wood in the tree, to-wit : at 20 cts. per cord, equaling the sum of $86 40, and that defendants take nothing by their cross bill of trespass to try title to the land, and that the plaintiff Scarborough recover as costs of the suit. Both parties filed motions for new trial, all overruled, and notice of appeal by each party.

Opinion by West, J.

In this case, the action of the board of land commissioners of the county of Nacogdoches, had on the 29th, day of March 1838 in deciding that Mariano Moro Sr., and his wife were the heirs of Mariano Moro Jr., and in issuing to them the head right third of a league certificate as such heirs must be held conclusive of their right to the certificate in question, whether such determination, was correct or not.

The previous decisions of this court, have been to the effect, that after the very great lapse of time, that has transpired since these early transactions took place, that the action of these special tribunals are no longer open to enquiry in ordinary suits between individuals in which such questions may arise collaterally. In Styles vs. Gray, 10 Texas 506, it was said : "When it is considered that the evidence for her having the requisite qualifications to receive a head right, had been subjected to the judgment and approval of the board of land commissioners of the county, and had by them been approved, and again examined and approved by the travelling board and finally approved by the commissioners of the general land office, who if he had any doubts, was required by the statute to take the opinion of the Attorney General, surely it is time that the subject should be put at rest·" These views have again and again been endorsed and enforced and illustrated, by repeated decisions of this court.

In Johnson vs. Smith, 21 Texas 728, it is said : "The commissioner, who issued the grant was the exclusive judge of the merits and qualifications of the applicant. It was for him to determine whether he possessed the qualifications requisite to entitle him to the bounty of the government, and it is well settled, that his decision upon that subject is final and will not be revised by this court. The issue of

the grant precludes enquiry upon that subject, (15 Tex., R., 50, 11 Id., 656, 708, 717). Thus in Styles vs. Gray (10 Tex., R., 503) where it was proposed to impeach the grant, because the grantee "was never a married woman, a widow or the head of a family" this court held that the evidence was rightly refused. Babb vs. Carroll, 21 Tex., 767. Bowmer vs Hicks,22 Tex., 155. Bradshaw vs. Smith, 53 Tex. 474. Todd vs. Fisher, 26 Tex., 243. Lindsey vs. Jeffrey, 55 Tex., 631. Howard vs. Colquhoun, 28 Tex., 134. Palmer vs. Curtner, 55 Tex., 67. Walters vs. Jewett, 28 Tex., 291. Harrick vs. Jackson, 55, Tex., 32. McPhail vs. Burris, 42 Tex., 142.

The patent which issued was based on this certificate, and the heirs of Mariano Moro Jr., referred to in it, must be taken to be the persons who are decided to be such heirs by issuing of the certificate, upon which the patent is founded and without which it could have had no existence. The patent when issued enured to the benefit of Chas. Chevalier to whom the certificate, and the land located and surveyed by virtue of it had been long before conveyed by Mariano Moro Jr.and his wife; upon its issuance the legal title passed to Chevalier and his heirs.

Meriwether vs. Kennard, 41 Tex., 282, Pas. Dig. Art. 4288 (a) and note 978 (a), and authorities there referred to.

The appellees show a chain of title from the heirs of Chevalier to themselves. The certified copy of the transfer from Mariano Moro Jr. and his wife to Chevalier, acting upon which, the patent was delivered to Chevalier, or his agent, was an archive of the general land office, and a certified copy from that office was admissible in evidence. Rev. Stat. Arts. 57, 3808.

It thus appearing, that the plaintiffs in error, Burkett and Murphy, have the superior title to the land, it would be proper to reverse the judgment, and here render a judgment for the plaintiff in error. As however it is possible that upon full proof the defendant in error, Scarborough, may be able either by proof of possession or in some other manner to show a stronger title to the land than he has yet presented, the case will be reversed, in order that an opportunity may be given him to do so.

In the view we have taken of the case, it becomes unnecessary to pass upon the right of the defendant in error to damages from the plaintiffs in error for the removal by them of the 432 cords of wood, that were cut down and corded on the land before he purchased it

from H. L. Moffitt. It may be proper to say, that if his deed from Moffitt, which is not set out in the record, is only an ordinary warranty deed for the land, it would seem that the timber that has already been severed from the soil, and manufactured into cord wood, before its purchase by defendant in error, would not pass to him by such a deed, as a part of the reality. On this point however, it is not necessary now to decide.

The deed from Carmelita Chevana and her husband, Jose Chevana, is defective in not showing that the instrument was sufficiently explained to the wife by the officer taking the acknowledgement, nor was she asked whether she desired to retract the deed. There are also other defects in the acknowledgement. The deed was properly excluded.

The judgment is reversed and the cause remanded.