## J. H. Davis et al. v. Juan Bargas et al.

### No. 341.

**1. County Court as Board of Land Commissioners.**

The Act of 1846 organizing Commissioners Courts, styled therein "County Courts," provided, that such courts should "exercise all the powers which by law are invested in the County Courts, or boards of county commission- ers, or chief and associate justices, as land commissioners." And such courts had jurisdiction to grant unconditional land certificates to parties showing themselves entitled thereto . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 664

**2. Same—Recitals in Land Certificate.**

In July, 1847, the Commissioners Court of Guadalupe County had power to hear an application for an unconditional certificate in behalf of an assignee of a conditional certificate, and to determine whether a lawful assignment thereof had been made or not. Their recital on the face of the certificate, that the assignee had presented a regular transfer from the original grantee, was conclusive of the ownership by the assignee against heirs of the original grantee . . . . . . . . . . . . . . . . . . . .·. ·. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .. . . . . 664

Question Certified by Court of Civil Appeals for Fourth District, in an appeal from Bexar County. Chief Justice James not sitting.

*John Ireland, Neal & Sowell,* and *Webb & Finley,* for appellants.

*Franklin & Cobb,* for appellees.

GAINES, Chief Justice.—The Court of Civil Appeals of the Fourth Supreme Judicial District certify for our decision a question which they state as follows:

"The appellants, as heirs of Thos. R. Nichols, instituted an action of trespass to try title to 111 acres of land. The appellees claim through a transfer of a conditional certificate from Nichols to R. H. Wynne.

"The following unconditional land certificate was introduced in evidence by appellees:

" 'The State of Texas, ⎱  " '640 acres. 2nd Class, No. 8.
  " 'Guadalupe County. ⎰

" 'This is to certify, that Robt. H. Wynne presented to the Hon. the County Court of Guadalupe County the conditional headright certificate of Thos. R. Nichols, being second class, No. 29, issued by the board of land commissioners of Gonzales County, and dated 18th day of October, 1838; and James M. Day and John W. Nichols, after having been duly sworn, say, that the said Thos. R. Nichols arrived in the late Republic of Texas, in September, 1837, and continued to reside therein as a citizen for more than three years, and until his death, in the year 1843. And the said Wynne having presented a regular transfer from said Thos. R. Nichols, under date 9th of April, 1841, consequently this unconditional certificate is issued to the heirs

or legal representatives of said Thos. R. Nichols for six hundred and forty acres of land.

"'Given under our hands and the seal of the County Court, at Seguin, on this 12th day of July, A. D. 1847.

"'MICHAEL ERSKINE,
    Chief Justice G. C.;
"'JEREMIAH S. CALVERT,
"'A. W. LAY,
"'WILLIAM TOM,
"'A. HARRIS,

" 'Attest:

[Seal]    " 'T. H. DUGGAN, Clerk.                    Commissioners.'

"Question: Is the recital in the certificate, that Wynne presented to the board of land commissioners a regular transfer from Thos. R. Nichols, evidence of the transfer of the conditional certificate from Thos. R. Nichols to R. H. Wynne?"

We are of the opinion that the solution of the question depends upon the inquiry, whether or not the court, who granted the unconditional certificate, had the power to determine the ownership of the right and to grant the certificate to the assignee. The conditional certificate was granted by virtue of the provisions of the twenty-ninth section of the Act of December 14, 1837, entitled "An act to reduce into one and amend the several acts relating to the establishment of a General Land Office." The thirty-first section of the same act provides, "That the board of land commissioners are hereby authorized to grant to persons claiming lands of this government under the twenty-ninth section of this act, a certificate of their claims, upon the same proof being made to them as is required of other claimants, stating in said certificate the amount of land to which the claimant is by law entitled; at what time he or she arrived in this Republic." The powers of the board are defined in sections 11 and 12, and it is apparent from the language of the latter section, that they were authorized to issue certificates to assignees. It is not so clear that the board had power to issue the unconditional certificate. What is meant by the language, "after which time he or she shall receive an unconditional deed for said land," is not evident. Was it contemplated that the grantee of the conditional certificate, upon compliance with the conditions of the law, should be entitled to have a patent to the land located by it, or was it intended that he should be entitled to receive an unconditional certificate? We know of no provision of law that authorized the Commissioner of the General Land Office to hear proof and issue a patent upon a conditional certificate; and we think it was the purpose to authorize the board to hear evidence and issue the unconditional certificate, before patent could be obtained. This is in consonance with the land system established from the early days of the Republic. If the latter be the proper construction, then the board had the power to issue the unconditional certificate to an

assignee. That a conditional certificate granted under section 29 of the act under consideration could be assigned, is settled by the decisions of this court. Graham v. Henry, 17 Texas, 164; Merriweather v. Kennard, 41 Texas, 275. The powers conferred upon the boards of land commissioners by the Act of December 14, 1837, were, by an amendatory Act of January 26, 1839, transferred to "the chief justices of the county and the associate justices" of the respective counties. Laws 1838–9, p. 101; 1 Sayles' Early Laws, art. 663. The act further provided, however, that the powers thereby conferred should continue in force until the second Monday of January, 1840, but no longer. But by subsequent laws, authority to grant unconditional certicates where conditional certificates had issued was conferred on a land board composed of the chief justice and two associate justices. After some changes by intermediate legislation, the Act of 1846, which organized the Commissioners Courts, styled therein "County Courts," provided, that "the several County Courts of this State shall have and exercise all the powers which by the law are invested in the County Courts or boards of county commissioners, or chief and associate justices as land commissioners." 2 Sayles' Early Laws, art. 1748. The certificate under consideration was issued in July, 1847, in pursuance of that authority. No power is expressly given by any of the statutes, subsequent to that of December 14, 1837, to issue an unconditional certificate to the assignee of a conditional one; and if it were an original question, the authority might be seriously doubted. It seems, however, to have been the practice to exercise the power; and this practice has been upheld by this court. In Merriweather v. Kennard, supra, the unconditional certificate was issued to an assignee, but the patent was issued to the grantee of the conditional certificate. The controversy was between parties claiming under the assignee and the patentee, respectively; and the court in effect held, that the unconditional certificate was prima facie evidence of the assignee's title at the date of its issue. The decision necessarily involves a holding, that the land board had power to inquire into the question of the assignment of the conditional certificate, and to issue the unconditional to the assignee.

Therefore we are of the opinion, that the court by which the certificate in controversy was issued had the power to hear an application for an unconditional certificate on behalf of an assignee of the conditional grant, and to determine whether a lawful assignment had been made or not; and we think it follows, that their finding, as shown by the face of the certificate, that Wynne had a regular transfer of the conditional certificate, is, as between parties claiming under it, evidence of the fact so recited. Burkett & Murphy v. Scarborough, 59 Texas, 495; McPhail v. Burris, 42 Texas, 142.

Our opinion will be so certified.

DENMAN, Associate Justice, did not sit in this case.