The testimony of Mr. Vaughan was unquestionably admissible. Sweeney v. State, 146 S. W. 888. It is useless to write further.

———

EARLY et al. v. COMPTON. †

(Court of Civil Appeals of Texas. Texarkana. May 30, 1912. Rehearing Denied June 27, 1912.)

1. PUBLIC LANDS (§ 174*)—ASSIGNMENT OF CERTIFICATE—EVIDENCE.

Under Paschal's Dig. art. 4140, which authorized a board of land commissioners to issue a certificate covering lands to one claiming as assignee of a person entitled, a certificate that a specified person, as assignee of another, proved himself, according to law, to be entitled to one league and one labor of land secured to the assignor or his assigns by the certificate is conclusive on the question of the assignee's rights as such, at least as against all persons other than his claimed assignor and those claiming under the latter, in a proceeding to recover the land.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 552–554; Dec. Dig. § 174.*]

2. TRESPASS TO TRY TITLE (§ 25*)—DEFENSES —STALENESS OF DEMAND.

Staleness of demand is no defense to trespass to try title, whether plaintiff claims under legal or equitable title.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 30, 31; Dec. Dig. § 25.*]

Appeal from District Court, Red River County; Ben H. Denton, Judge.

Action by R. N. Compton, administrator, against J. M. Early and others. From the judgment, defendants J. M. Early and others appeal. Affirmed.

This is the second time this case has been before us. On the first appeal, it was styled "Compton v. Hatch et al." A statement, showing the nature of the controversy, may be found in 135 S. W. 1052. J. J. Early having died, after the reversal by this court of the judgment first rendered, at the instance of Hatch, his widow, Mrs. Belle Early, and his children, Lucielle Early, Robert Early, Joseph Early, William Early, and James Early, minors, were made parties. At the instance of Hatch, one J. W. Finley, who had purchased from J. M. Early and J. W. Early part of a tract of land Hatch had conveyed to said J. M. Early and J. J. Early in exchange for the land in controversy, also was made a party. Finley answered, adopting as his own the original answer filed by said J. M. Early and J. J. Early, and prayed · that, in the event Hatch recovered a judgment against said J. M. Early and J. J. Early for the value of the land he (Hatch) had so conveyed to them and foreclosing a lien thereon to satisfy such judgment, the decree of foreclosure be so rendered as to require a sale of the portion of the tract so conveyed by said Hatch belonging to the widow and children of said J. J. Early, and an application of the proceeds of such sale to the satisfaction of such judgment, before the portion thereof .conveyed to him by said J. M. Early and J. J. Early should be sold. Mrs. Belle Early and the guardian ad litem of the minor children of J. J. Early answered, also adopting as their own the original answer of said J. M. Early and J. J. Early. The trial was before the court, without a jury. The judgment was in favor of Compton, as administrator of Ridge Pascal, deceased, against D. P. Whitley, R. C. Graves, E. A. Dillon, and F. W. Hatch, for the land sued for, in favor of said Hatch against J. M. Early on his warranty of the title to part of the land in controversy, for the sum of $1,401.10, and in favor of said Hatch against said J. M. Early and against the widow and children of J. J. Early, deceased, foreclosing a lien on the tract of land conveyed by Hatch to J. M. Early and J. J. Early in exchange for the land in controversy, to satisfy the sum adjudged in Hatch's favor against said J. M. Early. The decree directed that the portion owned by

the widow and children of J. J. Early, deceased, of said tract conveyed by Hatch to J. M. Early and J. J. Early, should first be sold in satisfaction of the sum adjudged to Hatch, and that if the sum realized from such sale was sufficient to satisfy that part of the judgment the portion of said tract conveyed by said J. M. Early and J. J. Early to Finley should not be sold. The appeal is by J. M. Early, Finley, and the widow and children of J. J. Early, deceased.

The court reduced to writing and filed his findings as to the facts and his conclusions as to the law. They are as follows:

"(1) I find that the plaintiff, R. N. Compton, is the administrator of the estate of Ridge Pascal, deceased, and that said administration is open and pending in the county court of Freestone county, Texas, and that the land described in plaintiff's petition was willed to said Ridge Pascal by his father, Geo. W. Pascal, deceased. (2) I find that on the 10th day of April, 1838, the board of land commissioners of Bexar county, Texas, allowed, granted and issued certificate No. 486, class 1, for one league and labor of land, to John Sutherland, assignee of Iginio Tejada, and that on the 18th day of July, 1840, the commissioners appointed to detect fraudulent land certificates reported, approved and recommended said certificate as a genuine and legal claim against the government of Texas, and issued in conformity with the provisions of the Constitution and laws of Texas, granting certificates and lands to emigrants to Texas, and that said certificate and all claims thereto was transferred by Iginio Tejada to John Sutherland on the 3d day of March, 1838, and that said John Sutherland transferred the said certificate to James Paul on the 2d day of May, 1838, and that the said James Paul located said certificate upon lands in Bexar county in two separate tracts, and had issued and obtained two separate patents therefor, one for 12,931,450 sq. vrs., which was conveyed by the said James Paul to Geo. W. Pascal, on the 20th day of February, 1852. (3) I find that the patent from the state of Texas to John Sutherland, assignee of said Iginio Tejada, for said amount of 12,931,450 sq. vrs. of land located, as set out in finding No. 2, in Bexar county, Texas, was issued, and the land therein described was located and surveyed, by virtue of said certificate No. 486, field notes dated November 7, 1838, and patent dated July 3, 1847. (4) I find that the patent to said 12,931,450 sq. vrs. of land in Bexar county was canceled by the district court of Bexar county, Texas, on the 22d day of March, 1855, and that on the 3d day of April, 1855, the Commissioner of the General Land Office of Texas issued, in lieu of said canceled amount, U. B. certificate No. 3918/4019, to John Sutherland, assignee of Iginio Tejada, and that said Commissioner of the General Land Office delivered the same to Geo. W. Pascal on said date of its issuance, who I find to be the then owner of said certificate. (5) I find that said U. B. certificate No. 3918/4019 was filed with the county surveyor of Red River county and located upon lands in said county in three different and separate tracts on the 22d day of February, 1874, and that such file and location was properly entered in the file record of said surveyor's office, and that one of the tracts so filed upon is the land described in plaintiff's petition. I further find, in this connection, that the following entry appears upon the margin of said surveyor's record on the same page upon which the said file, or application, is recorded, to wit: 'Renewed Feb. 16th, 1874, T. H. Young, Co. Surveyor.' I further find that said certificate No. 3918/4019, issued as before stated, was, on said dates, in the hands of the surveyor of Red River county, and that by virtue of said certificate the land described in plaintiff's petition was surveyed on the 19th day of March, 1874, and the field notes thereof recorded in surveyor's office of said county on said last-mentioned date, and a copy of said field notes, together with said certificate No. 3918/4019, were forwarded to and received and filed in the General Land Office of Texas on the 28th day of March, 1874, and have ever since remained on file in said office. I further find that the land described in plaintiff's petition was, on the date of said survey and prior thereto, a part of the unappropriated public domain and subject to location by said certificate, and that a patent issued upon said location and survey by the Commissioner of the General Land Office of Texas on the 31st day of January, 1907, to John Sutherland, assignee of Iginio Tejada. (6) I find that the defendant R. C. Graves and D. P. Whitley have filed disclaimers herein, and that defendant F. W. Hatch claims title to 640 acres of the land described in plaintiff's petition under a patent issued to Robert Wilson, assignee of the H. & G. N. R. R. Co., and that defendant E. A. Dillon claims title to 115½ acres of the land described in plaintiff's petition under a patent issued to S. H. Morgan, assignee of the M. E. P. & P. R. R. Co. (7) I find that the patent under which the defendant Hatch claims title to said 640 acres was issued by the state of Texas, on the 30th day of May, 1878, to Robert Wilson, assignee of the H. & G. N. R. R. Co., and that the survey upon which said patent is based was made on the 15th day of June, 1876; and I find further that the patent under which the defendant Dillon claims title to said 115½ acres was issued by the state of Texas, on the 20th day of November, 1880, to S. H. Morgan, assignee of the M. E. P. & P. R. R. Co., and that the survey upon which said patent is based was made on the 30th day of April, 1880, and that each and both of said surveys

were made long after the survey under which plaintiff claims, and long after the field notes thereof, and the certificate under and by virtue of which they were made, had been returned to and filed in the General Land Office of Texas. (8) I find that the defendant F. W. Hatch purchased the aforesaid 640-acre tract, patented to Robert Wilson, assignee of the H. & G. N. R. R. Co., from J. M. and J. J. Early, and that said Earlys have been made parties defendant in this suit and have answered herein, and that since said answers were filed the said J. J. Early has departed this life, and that his heirs have been made parties defendant and have all answered herein. I further find that said Earlys warranted the title to said 640 acres to said Hatch, and that the deed from said Earlys to said Hatch was executed for and in consideration of a deed from said Hatch to the said Earlys to a tract of land situated in Lamar county and described in the answer of the said Hatch; that the purchase price of the land so deeded by the said Hatch to the said Earlys was $640. In addition to the foregoing findings of fact, at the special request of defendants, I find that there is no record evidence of a transfer of certificate No. 486 from Iginio Tejada to John Sutherland after the issuance of the certificate by the board of land commissioners of Bexar county, Texas, but said Tejada executed in due form a transfer of all claims to said certificate, and authorized the board of land commissioners to issue the same to John Sutherland, and in said transfer designated an agent and authorized him to make such transfers as were necessary after the issuance of said certificate to said Sutherland; that said certificate was issued to Sutherland as assignee of said Tejada, was approved by the board of commissioners appointed to detect fraudulent land certificates as a valid and legal claim and properly issued, was recognized by the Commissioner of the General Land Office as issued, in issuing patents upon surveys made thereunder, and was recognized by said Commissioner, as legally issued, in issuing a U. B. certificate for an unlocated balance, and, if a transfer by said Tejada, after the issuance by the board of land commissioners, were necessary, from the foregoing facts and other facts and circumstances in evidence and long lapse of time with no adverse claim to Sutherland claim, a legal transfer is presumed, and I so find as a fact.

"I conclude, as matters of law, the following: (1) The plaintiff should recover from the defendants all their right, title and interest in and possession of all the land described in plaintiff's petition. (2) The defendant F. W. Hatch should recover of the defendants J. M. Early and the heirs of J. J. Early the sum of $640 upon their warranty, and that said amount should be adjudged to be a lien upon the land described in the answer of the said Hatch as having been sold by him to the said Earlys, as being the purchase-money for said land, and that plaintiff should recover all costs in this behalf expended from the defendants; and judgment is accordingly so rendered."

Burdett & Connor, of Paris, Tex., for appellants. E. S. Connor, of Paris, guardian ad litem, for minors. Chambers & Black and Kennedy & Robbins, both of Clarksville, for appellee.

WILLSON, C. J. (after stating the case as above). [1] The land in controversy was surveyed by virtue of certificate No. 3918/4019, issued by the Commissioner of the General Land Office April 3, 1855. That certificate authorized the location and survey of 12,931,450 square varas as the balance unlocated of certificate No. 486 for one league and one labor of land, issued April 11, 1838, by the board of land commissioners of Bexar county. Said certificate No. 486 was in the words and figures following, to wit:

"No. 486. This is to certify that John Sutherland, assignee of Iginio Tejada, appeared before us, the board of land commissioners for the county of Bexar, and proved according to law that said Tejada is a native citizen of Texas, a married man and entitled to one league and labor of land upon condition of paying at the rate of $3.50 for every labor of irrigable land, $2.50 for every labor of temporal or arable land, and $1.20 cents for every labor of pasture land which may be contained in the survey secured to said Tejada or his assigns by this certificate.

"Given under our hands this 11th day of April, 1838.

"David Murphree, Pres.
"John S. Simpson, Ass'n Com.
"William P. Delmour, Clerk."

Appellants insist it was not shown that Tejada had assigned his right to the certificate to John Sutherland, otherwise than by the recital therein that Sutherland had appeared before the board of land commissioners and made proof of the facts which authorized them to issue it, and that that recital, in face of the further recital in the certificate that "said Tejada," quoting from a proposition in the brief, "is * * * entitled to one league and one labor of land * * * secured to said Tejada or his assigns by this certificate," was not sufficient to support the finding that Sutherland had acquired Tejada's rights. It is further insisted it therefore appeared that the legal and equitable title to the certificate was in Tejada or his heirs, and hence that a judgment in favor of Pascal's administrator, whose title emanated from Sutherland, was unauthorized.

We do not agree that the recital in the

certificate was not sufficient to support a finding that Sutherland was the owner of Tejada's right to the certificate. That recital, we think, demanded such a finding. The law in force at the time (Paschal's Digest of Texas, art. 4140) authorized a board of land commissioners to issue such a certificate to one claiming as assignee of a person entitled to it. Authority to so issue such a certificate, we think, imposed on the board a duty and power to determine whether the applicant therefor in fact was such person's assignee or not. The Bexar county board, discharging that duty and exercising that power, determined that Sutherland was Tejada's assignee and entitled in his right to the certificate. At least, as against all persons other than Tejada and those claiming under him, in a proceeding like this one is, the action of the board should be treated as conclusive of the question. Walters v. Jewett, 28 Tex. 192; Merriweather v. Kennard, 41 Tex. 281; Bradshaw v. Smith, 53 Tex. 479; Burkett v. Scarborough, 59 Tex. 497; Fleming v. Giboney, 81 Tex. 422, 17 S. W. 14; Davis v. Bargas, 88 Tex. 662, 32 S. W. 874. We do not think the further recital in the certificate specified in the proposition in appellants' brief, from which we have quoted, is inconsistent with the finding by the board of land commissioners that Sutherland was Tejada's assignee. That recital, considered in connection with others in the certificate, we think amounted only to this: That Sutherland had proved to the board that Tejada, whose right he claimed, was entitled to such a certificate, and that he or his assignee would become entitled to the land surveyed by virtue of it, if he paid government dues thereon, according to its character, as required by law.

[2] Appellants complain of the action of the court in refusing to render judgment in their favor on the plea of stale demand interposed to the recovery sought by appellee, Compton, of the 640 acres surveyed by virtue of the certificate issued to the H. & G. N. R. R. Co., and claimed by Hatch. The contention is based on the fact that said 640 acres was patented on a survey thereof made by virtue of the certificate issued to said railroad company before it was patented on the survey made by virtue of the certificate issued to Sutherland, as assignee of Tejada. The patent on the survey first mentioned having been first issued, it is insisted that the legal title was in Hatch, and that the title asserted by Compton was an equitable one, against which a plea of stale demand was available. The rule, as we understand it to be settled in this state, is that in trespass to try title, whether the plaintiff is asserting a legal or an equitable title, the plea of stale demand is not available as a defense. New York & Texas Land Co. v. Hyland, 8 Tex. Civ. App. 601, 28 S.

W. 206; Lowry v. McDaniel, 124 S. W. 711; Punchard v. Masterson, 103 S. W. 830.

Other assignments in the brief present for review questions made on the former appeal of the case. Those questions were then, we think, determined correctly.

The judgment is affirmed.