## GEORGE T. JESTER v. GEORGE W. STEINER.

### No. 86.

**1. Affidavit of Forgery—Article 2257, Revised Statutes.**

When an affidavit of forgery is filed under article 2257, Revised Statutes, attacking an instrument filed, and notice thereof given, it devolves upon the party producing the instrument to prove its execution as at common law, before it can be read in evidence........................ 418

**2. Same—Burden of Proof.**

In such case the burden of proof does not shift from one party to the other, but remains on the party offering the instrument. Clark v. Hills, 67 Texas, 148; Railway v. Burns, 71 Texas, 481................. 419

**3. Identity Evidenced by Similarity of Names.**

Where there is no evidence to the contrary, and no suspicion cast upon the transaction, similarity of names is sufficient evidence of identity. Not so when suspicion is cast upon the identity of the person. See illustration ...................................................... 419

**4. Handwriting—Basis of Comparison—Case Adhered to.**

Eborn v. Zimpelman, 47 Texas, 503, adhered to, as to standard of comparison of handwriting when question of forgery is in issue. The standard of comparison must be admittedly or undoubtedly genuine. See example....................................................... 420

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Navarro County.

The ground of application in error was the alleged conflict with other decisions in the decision of the case by the Court of Civil Appeals.

*J. M. Blanding* and *Frost & Etheridge*, for plaintiff in error.—1. The letter from Philip Eder to W. H. Young, in which he writes the name "Mathias Eder," the person under whom plaintiff claims title to the land in controversy, was sufficiently proved to admit it in evidence for the

purpose of comparison with the signature to the deed purporting to convey the land to the plaintiff, and from which the jury might be able to determine whether the signature to the deed was written by Philip Eder. Ulman, Lewis & Co. v. Babcock, 63 Texas, 70; Rodgers v. Ritter, 12 Wall., 322; 54 N. Y., 400; Whart. on Ev., secs. 708, 709, 1328; 12 Cent. Law Jour., 508.

2. When the question of identity of the maker of the deed is raised by the evidence, the court can not assume the identity of person from the identity of name, but must submit that question to the jury. NcNeil v. O'Connor, 79 Texas, 227; Smith v. Gallum, 15 S. W. Rep., 794; Parker v. Chancellor, 15 S. W. Rep., 157; 1 Greenl., sec. 575; 9 Am. and Eng. Encycl. of Law, 867.

*McKie & Autry*, for defendant in error.— 1. Where a document is offered in evidence solely for the purpose of creating a standard of handwriting by which the genuineness of another instrument may be judged of by comparison, the handwriting of the test document can not be established by the opinion or belief of witnesses; it must be admitted to be genuine, or else proven by direct evidence. Eborn v. Zimpelman, 47 Texas, 518; Hanly v. Gandy, 28 Texas, 213; Kennedy v. Upshaw, 64 Texas, 420; Smyth v. Caswell, 67 Texas, 573; Phillips v. The State, 6 Texas Cr. App., 364; Hatch v. The State, 6 Texas Cr. App., 384; Heard v. The State, 9 Texas Cr. App., 1; Hancock v. The State, 13 Texas Cr. App., 133; Smith v. Childs, 1 W. & W. C. C., sec. 124; Moore v. United States, 91 U. S., 270; Shannon v. Fox, 1 Cranch, 133; 1 Greenl. on Ev., 580, 581, and note; 1 Best on Ev., secs. 238, 239; Code Napoleon, secs. 1223, 1224; The State v. Givens, 5 Ala., 747; Trustees v. Misenheimer, 78 Ill., 22; McAllister v. McAllister, 7 B. Mon., 269; Tome v. Railway, 17 Am. Rep., 540; Vansickle v. The People, 29 Mich., 61; West v. The State, 26 N. J. Law, 212; Otey v. Hoy, 3 Jones, 407; Clark v. Rhodes, 2 Heisk., 206; Rowt v. Kyle, 1 Leigh, 216; Clay v. Anderson, 10 W. Va., 49; Pierce v. Northey, 14 Wis., 9; Commonwealth v. Eastman, 1 Cush., 218; Moody v. Rowell, 28 Am. Dec., 319; McKeone v. Barnes, 108 Mass., 347; Travis v. Brown, 82 Am. Dec., 540; Baker v. Haines, 36 Am. Dec., 224; Rose v. Bank, 60 Am. Rep., 258; Pavey v. Pavey, 30 Ohio St., 600; The State v. Hastings, 53 N. H., 452; Baker v. Mygate, 14 Iowa, 131; Winch v. Norman, 65 Iowa, 186; Van Wyck v. McIntosh, 14 N. Y., 442; Randolph v. Loughlin, 48 N. Y., 456; Tyler v. Todd, 36 Conn., 218; The State v. Ward, 39 Vt., 225; Jones v. The State, 66 Ind., 241.

2. When a deed has been assailed as forgery by affidavit under the statute (Revised Statutes, article 2557), and the party claiming thereunder has proven the same as at common law by a subscribing witness,

the burden was cast upon the party filing the affidavit of forgery. Robinson v. Du Bose, 76 Texas, 1; Chamblee v. Tarbox, 27 Texas, 144; Cox v. Cock, 59 Texas, 524.

BROWN, ASSOCIATE JUSTICE.—Steiner sued Jester in the District Court of Navarro County to recover a tract of land, which both parties claimed from Mathias Eder as a common source of title. Steiner claimed by deed from Eder, and Jester claimed under a deed from the tax collector upon sale of the land as the property of Eder to Mrs. Knoll, and by her conveyed to Jester.

Jester filed an affidavit to the effect that he believed that the deed under which plaintiff claimed was forged. Plaintiff proved the execution of the deed by one of the subscribing witnesses. Defendant introduced evidence which tended to show that the person who signed the deed to plaintiff was not the Mathias Eder to whom the land was conveyed, and plaintiff introduced evidence tending to prove that he was the same person.

This made sharply the issue as to whether or not the person who made the deed to Steiner was the same person under whom the defendant claimed and to whom the land was conveyed. After clearly stating the condition of the case as presented by the evidence, and the rights of the parties under a claim through a common source, the court charged the jury as follows:

" The first question for you to decide then is, was the deed dated July 12, 1890, purporting to be made by the aforesaid Mathias Eder, really and in fact made by him, and was it the genuine deed of said Mathias Eder, or was it made by some one else. This is a question of fact, which you will determine from all the testimony admitted in evidence, bearing in mind that the burden of proof upon this issue is upon the plaintiff; that is, it devolves upon the plaintiff to establish that said deed was made by Mathias Eder by a preponderance of the evidence. If you do not find that said deed was in fact made by Mathias Eder, then you will not inquire further, but find for the defendant. If you find that said deed was made by Mathias Eder, then you will find for the plaintiff for the land sued for."

The jury found for the defendant, and the plaintiff, Steiner, appealed. He assigned the following error upon the charge: " The court erred in its charge to the jury in its instruction to them that the burden of proof was upon the plaintiff as to the identity of the party who signed the deed under which plaintiff claims."

The Court of Civil Appeals reversed the judgment of the District Court, holding that " similarity of names alone is ordinarily sufficient evidence

of identity of a purchaser in a chain of title. When the affidavit was filed in this case attacking plaintiff's deed as a forgery, the burden was then cast upon plaintiff to prove its genuineness. When he did this, the burden then shifted to the defendant to sustain his impeaching affidavit by any lawful testimony he might produce. The only office the affidavit could perform was to put the plaintiff on proof that Mathias Eder executed the deed. It did not raise the question of identity."

Article 2257, Revised Statutes, is as follows: "Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the County Court, and which has been or may be so recorded after being proven or acknowledged in the manner provided by the laws in force at the time of its registration, shall be admitted as evidence without the necessity of proving its execution; provided, that the party who wishes to give it in evidence shall file the same among the papers of the suit in which he proposes to use it, at least three days before the commencement of the trial of such suit, and give notice of the filing to the opposite party or his attorney of record; unless such opposite party or some person for him shall, within three days before the trial of the cause, file an affidavit stating that he believes such instrument of writing to be forged."

The record does not show that the plaintiff's deed was admissible under the article above quoted, but we will presume that it was, as otherwise the affidavit of forgery would have been unnecessary.

If plaintiff's deed was duly acknowledged and recorded, filed in the papers of the case, and notice given to defendant three days before the trial, it stood as if it had been proved in one of the modes required by the common law. Jordan v. Robertson, 27 Texas, 615.

When defendant filed his affidavit of forgery, "it cast upon the party offering the deed the burden of proving its execution in accordance with the rules of the common law." Cox v. Cock, 59 Texas, 524; Robertson v. Du Bose, 76 Texas, 1. To state the same proposition in a different form, when the defendant filed his affidavit the deed was no longer admissible as evidence under the statute, but before it could be read in evidence the execution of it must be proved as at common law; the acknowledgment and record of the deed, the filing, and notice to defendant, as well as the affidavit of forgery, ceased to have any bearing upon the trial. The trial must then proceed as if the deed had not been acknowledged or recorded, and no affidavit had been filed. Thus it may be said that the filing of the affidavit of forgery cast upon the person producing the deed the burden of proving its execution.

Under the common law rules of evidence it devolved upon the plaintiff to prove that the deed was executed by Mathias Eder, the person from whom he was claiming to derive title. In other words, the burden of establishing this fact was upon the plaintiff. The burden did not shift, and

does not shift from one party to the other, but "remains on the party offering a fact in support of his case, and does not change in any aspect of the cause, though the weight of evidence may shift from side to side, according to the nature and strength of the proof offered in support or denial of the main fact to be established." Clark v. Hills, 67 Texas, 148, and authorities cited; Railway v. Burns, 71 Texas, 481; 2 Am. and Eng. Encycl. of Law, 655, and cases cited in note 1.

Similarity of name is held to be sufficient to establish identity of the person, when there is no evidence to the contrary, and no suspicion cast upon the transaction by the evidence; but in case the identity is controverted, then similarity of name alone is not sufficient to establish such identity. Robertson v. Du Bose, 76 Texas, 1. It depends upon the issue made by the evidence as to whether or not the similarity of name is sufficient. McNeil v. O'Connor, 79 Texas, 229; Fleming v. Giboney, 81 Texas, 427. If the issue is that the deed was not executed by the *person* in question, then the identity of the person is put in direct issue, and if evidence be introduced tending to prove that the person who executed the deed was not the person in question, similarity of name alone will not be sufficient to establish the fact. If the issue be that a given person did not *sign the deed*, then similarity of name is sufficient to connect the links in the chain of title.

In the case of Stooksbury v. Swan, 85 Texas, 563, the following charge was under review: "That in order to make the deed in controversy sufficient to convey the title to the land involved in this suit to John Stiles, it is necessary that it should have been signed by Robert W. Hamilton and Eliza Ann Hamilton; and in determining whether or not the signature of Robert Hamilton to such deed is a forgery, you are charged, that a deed over thirty years old is admitted as evidence before the jury without any other proof of its execution, and the affidavit of forgery filed herein does not require defendants to prove such deed to be genuine, but the burden of proving it to be a forgery is on the plaintiffs; but the fact that the deed is thirty years old or over is not conclusive of its genuineness, but it can be shown to be a forgery by evidence, as could any other instrument, and the jury are to determine from all the facts and circumstances in evidence whether or not such deed is in fact genuine or a forgery."

The proposition contained in the foregoing charge is the opposite of that in the charge under consideration in this case. In that case the deed was produced by the defendants, and the court charged the jury, that after it was shown to be thirty years old—that is, was shown to be admissible—the burden of proving it to be a forgery was upon the party against whom it was produced. This court held the charge to be erroneous.

Chief Justice Stayton, delivering the opinion, reviewed the authorities,

and in a carefully prepared opinion laid down the rules to govern in such cases. The court said: "If instead of relying upon the deed as an ancient instrument, its execution had been proved by a subscribing witness, and upon this admitted as evidence, would it be contended, when the evidence of that witness was directly contradicted by one or more witnesses introduced by the plaintiffs, that the court might lawfully charge that the burden then rested upon the plaintiffs? Certainly not; for such a charge would rest upon the theory that the court might weigh the testimony of the witnesses and declare that of the subscribing witness entitled to more weight than should be given to the testimony of others. In such a case the burden would still rest upon the party offering and relying upon the deed, and a jury should be instructed to decide the issue in accordance with the preponderance of the evidence."

In the case before the court the deed had been proved by a subscribing witness, and testimony to contradict him, or rather to show that the person whom the witness saw sign the deed was not the person whose title was in controversy. The burden was upon plaintiff to prove that the deed was signed by the Mathias Eder to whom the land had been conveyed, and did not shift to defendant.

The charge of the court as given was correct, and the decision of the Court of Civil Appeals upon that question was error.

The issue in this case was, whether or not the Mathias Eder who had been in Texas, and to whom this land had been conveyed, signed the deed to plaintiff. The defendant offered in evidence a letter purporting to have been written by Philip Eder to George H. Young, which was not admitted to be the genuine handwriting of the said Philip Eder, but was attempted to be proved by a witness who did not see it written, nor did he know Philip Eder, neither had he seen him write, but testified from handwriting which he had seen that purported to be that of Philip Eder. Over plaintiff's objections this letter was admitted, and witnesses testified as to the signature to the deed by comparison with the name of Mathias Eder written in the letter. There was no sufficient proof of the genuineness of the letter to make it admissible for the purpose of comparison of handwriting. The error in this ruling is too apparent to require further discussion. Eborn v. Zimpelman, 47 Texas, 503.

The letter was not admissible as a standard of comparison, upon the ground that it was not a paper of the cause nor admitted to be genuine. It could not be imported into the case for this purpose upon proof.

Counsel for plaintiff in error insist, that although the court may have erred in admitting the letter purporting to have been written by Philip Eder, it was harmless error. Plaintiff had introduced a receipt for a registered letter, which receipt purported to be signed by Mathias Eder, and experts had testified as to the signature of the deed by comparison with the writing of the name signed to the receipt. The letter when in-

troduced afforded another standard with which experts compared the signature to the deed, and some of them testified that the same person who wrote the name Mathias Eder in the letter wrote the name to the deed in question. This tended to prove that Mathias Eder did not sign the deed, and that Philip Eder had forged the name. The verdict of the jury was in accord with this theory, and we can not undertake to say that evidence which was material did not affect the verdict rendered in this case in favor of the person who introduced the improper evidence.

The judgment of the Court of Civil Appeals in reversing the judgment of the District Court, in so far as it is based upon the error committed in admitting the Philip Eder letter, is affirmed, and this cause is remanded to the District Court for further trial.

*Reversed and remanded.*

Delivered February 19, 1894.