### DITTMAN v. CORNELIUS et al.
### (No. 251–3455.)

(Commission of Appeals of Texas, Section B. Nov. 30, 1921.)

**1. Names ⊕⟐18—Identity of person in chain of title need not be conclusively established.**

Where the evidence conflicts, plaintiff's proof of identity of a certain grantee and grantor in his chain of title need not be by conclusive proof, nor by evidence removing all reasonable doubt on the subject, but only by evidence sufficient to convince reasonable minds that he has title as distinguished from an unsupported claim.

**2. Names ⊕⟐18 — Similarity of names prima facie evidence of identity of persons.**

Similarity of names is sufficient to establish identity of persons when there is no evidence to the contrary, and no suspicion has been cast upon the transaction.

**3. Names ⊕⟐14—Names similar, though initials transposed.**

In trespass to try title, where plaintiff's chain of title included a grantee "Sheldon E. Bell" and a grantor "E. S. Bell," held that there was a marked similarity in the names, there being only a transposition of initials, so that, in the absence of evidence controverting the identity of such grantor and grantee or casting suspicion upon the transaction, such identity stood established.

Error to Court of Civil Appeals of First Supreme Judicial District.

Trespass to try title by Anna Dittman against W. D. Cornelius and others. Judgment denying plaintiff relief, save as to lands as to which defendants disclaimed, was affirmed by the Court of Civil Appeals (218 S. W. 109), and plaintiff brings error. Judgment of the district court and the Court of Civil Appeals reversed, and judgment rendered for plaintiff for the entire tract sued for.

---

⊕⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Gaines & Corbett, of Bay City, and W. S. Strickland, of Eagle Lake, for plaintiff in error.

J. W. Conger, of San Antonio, for defendants in error.

POWELL, J. This is an ordinary action in trespass to try title, instituted in the district court of Matagorda county, Tex., by Anna Dittman, against W. D. Cornelius, G. B. Culver, trustee, A. G. Smith, J. W. Smith, and Minnie E. Smith, seeking judgment for the title and possession of a tract of 350 acres of land out of the east corner of a league in Matagorda county, Tex., granted by the Mexican government to Samuel Hoit on the 15th day of November, 1830. All the defendants filed a plea of general denial and not guilty. In addition to that, the defendant, W. D. Cornelius pleaded the three, five, and ten years statutes of limitation in bar of plaintiff's suit to recover any part of the land claimed by the defendants. By way of a trial amendment, which the court permitted defendants to file, they disclaimed as to a certain described 35-acre strip lying in the western part of the 350 acres described in plaintiff's petition. The case was tried before the court without a jury, who, as stated by the Court of Civil Appeals, rendered judgment as follows:

"In favor of plaintiff, Anna Dittman, for the land disclaimed by defendants, and against her for the remainder of the land described in her petition and claimed by defendants. The judgment also denies the defendants a recovery of any portion of the land in controversy upon their answers, and expressly denies defendant W. D. Cornelius a recovery of title upon his plea of limitation. Judgment was also in favor of plaintiff for all costs incurred up to the filing of the disclaimer by defendants, and against her for such costs as accrued thereafter. In other words, the effect of the judgment was to hold that neither plaintiff nor defendants had title to the land in controversy. It expressly decreed that plaintiff should take nothing by her suit against defendants, except for the land disclaimed by them, and also expressly decreed that defendant W. D. Cornelius take nothing under his plea of title by limitation."

Plaintiff perfected her appeal from said judgment to the Court of Civil Appeals, where the judgment of the trial court was affirmed. See 218 S. W. 109. The cause came to the Supreme Court on petition for writ of error by Anna Dittman, which was granted.

The defendants did not appeal from the trial court's judgment, and, as stated by the Court of Civil Appeals, in their brief conceded that they failed to show that they had any title to any part of the land sued for. They contended only that plaintiff showed no title in herself to this 350-acre tract.

The Court of Civil Appeals says that if Anna Dittman showed she had title to the

234 S.W.—56

land in controversy, it was its duty to reverse the judgment of the lower court, and render judgment for her. They further hold that Anna Dittman had a good record title to the land in controversy, if Mary A. L. Monroe secured a good title thereto under her deed from E. S. Bell, dated April 20, 1857. That court refers to a deed from George W. Smith, dated February 3, 1857, and as bearing upon the status of the record title to the land in controversy states:

"It is shown by the evidence that the title to the land in controversy passed by a regular chain of transfers from Samuel Hoit, the original grantee, to Sheldon E. Bell, and that so far as shown by the evidence such title is still in him or his heirs, unless the deed of E. S. Bell, by which he attempted to convey said land to Mary A. L. Monroe, had the effect to pass the title from Sheldon E. Bell to the said Mary A. L. Monroe, under whom appellant claims. In other words, unless it is shown that E. S. Bell, who conveyed the land to Mary A. L. Monroe, was the same party to whom the land was conveyed under the name of Sheldon E. Bell, the title to the land did not pass from Sheldon E. Bell to Mary A. L. Monroe by the deed of E. S. Bell, and as a consequence no title ever passed to appellant, who claims under Monroe, and in such event she could not recover the land in controversy in this suit."

Briefly stated, if Sheldon E. Bell and E. S. Bell are one and the same person, Anna Dittman has a good record title to all the land in controversy, and is entitled to judgment therefor. Does the record establish this identity?

[1] The Court of Civil Appeals says such identity must be established by the evidence, either "conclusively" or to the "satisfaction" of the trial court. In summing up the evidence, that court states that it does not constitute "conclusive" proof that E. S. Bell and Sheldon E. Bell are one and the same person. We think the Court of Civil Appeals is in error in the rule of law it applies as to the quantum of proof necessary in this connection. They cite no case in support of their requirement for conclusive proof. They do refer to the case of White v. McCullough, 56 Tex. Civ. App. 383, 120 S. W. 1093, which held that, under the record in that case, where evidence was highly conflicting, one must recover, if at all, only when he has adduced evidence sufficient to convince reasonable minds that he has a title, as distinguished from an unsupported claim. That case expressly holds it is not necessary to remove all reasonable doubt on the subject.

[2] It is the well-settled law of this state that similarity of names is sufficient to establish identity of persons when there is no evidence to the contrary, and no suspicion has been cast upon the transaction. We quote briefly in this connection from a few deci-

sions of the Supreme Court of Texas, as follows:

In the case of Chamblee v. Tarbox, 27 Tex. 144, 84 Am. Dec. 614, Justice Moore says:

"Similarity of name is said to be some evidence of identity. * * * It cannot be questioned that this alone is ordinarily sufficient evidence of identity of a purchaser in a chain of conveyance as the subsequent vendor."

In the case of Lemberg v. Cabaniss, 75 Tex. 229, 12 S. W. 844, the Supreme Court says:

"Similarity of names is said to afford proof of identity, especially in the absence of evidence raising a doubt as to such identity of the person. 1 Greenleaf, § 575, and note; Chamblee v. Tarbox, 27 Tex. 145; McRee v. Brown, 45 Tex. 506; Shields v. Hunt, 45 Tex. 424."

In the case of Robertson v. Du Bose, 76 Tex. 1, 13 S. W. 300, Judge Henry holds:

"In the case of Chamblee v. Tarbox, 27 Tex. 144, this court said that similarity of name alone 'is ordinarily sufficient evidence of identity of a purchaser in a chain of conveyance.' In the absence of evidence casting doubt upon the identity of a party to a conveyance of land, we think it ought to be held sufficient in every case, and the jury, if instructed upon the subject at all, ought to be told so."

Still further, the rule is splendidly stated by Judge Brown in the case of Jester v. Steiner, 86 Tex. 415, 25 S. W. 411, as follows:

"Similarity of name is held to be sufficient to establish identity of the person, when there is no evidence to the contrary, and no suspicion cast upon the transaction by the evidence; but in case the identity is controverted, then similarity of name alone is not sufficient to establish such identity. Robertson v. Du Bose, 76 Tex. 1. It depends upon the issue made by the evidence as to whether or not the similarity of name is sufficient. McNeil v. O'Connor, 79 Tex. 229; Fleming v. Giboney, 81 Tex. 427. If the issue is that the deed was not executed by the person in question, then the identity of the person is put in direct issue, and if evidence be introduced tending to prove that the person who executed the deed was not the person in question, similarity of name alone will not be sufficient to establish the fact. If the issue be that a given person did not sign the deed, then similarity of name is sufficient to connect the links in the chain of title."

Chief Justice Conner, of the Court of Civil Appeals at Fort Worth, in the case of Haney v. Gartin, 51 Tex. Civ. App. 577, 113 S. W. 166, speaks as follows in this connection:

"The admission of the deed from T. J. Kurtz and Mary E. Kurtz to Frank Butterfield, purporting to convey the land in controversy, was also objected to, on the ground that the grantors are not shown to have other connection with the title. The deed recites, however, that Mary E. Kurtz was formerly Mary E. Newlin, and this recital, without other evidence of its truth, and even as against strangers to the title, is competent evidence on the issue of iden-tity which is involved. As a whole, the deed purports to have been executed by Mary E. Newlin, although partially under another name. At least, there is partial identity in name, and this, in the absence of all controverting evidence, is sufficient, it seems, to show that Mary E. Kurtz who signed the deed is the same person as the Mary E. Newlin to whom the land had been devised; it being presumed that the change in surname was brought about by marriage. Chamblee v. Tarbox, 27 Tex. 144, 145, 84 Am. Dec. 614; Dowdy v. McArthur, 94 Ga. 577, 21 S. E. 149."

The Supreme Court denied a writ of error in the case just quoted from.

If the record in the case discloses controverting testimony on the issue of identity, then similarity of name alone is not sufficient, and the identity must be established by evidence sufficient to convince a reasonable mind as distinguished from an unsupported claim. In the very case cited by the Court of Civil Appeals, White v. McCullough, 56 Tex. Civ. App. 383, 120 S. W. 1093, Justice Hodges says plaintiff can recover when he has adduced evidence "sufficient to convince reasonable minds that he has a title, as distinguished from an unsupported claim."

[3] Applying the above well-settled rules of law to the instant case, we find no evidence in the record controverting the identity of Sheldon E. Bell with E. S. Bell. Nor do we find any suspicion cast upon the execution of the deeds in question, or the transactions generally. We think all will concede that there is a marked similarity in these names. In fact, there is only a transposition of Bell's initials.

In addition to the facts just above stated, the plaintiff in error introduced in evidence three ancient instruments for the purpose of showing a mere transposition of Bell's initials.

The first of these instruments was a deed from E. S. Bell to Samuel L. Fowler, dated April 28, 1857, and which was duly recorded. In this deed E. S. Bell conveyed and referred to the same two-thirds of the Hoit league which George W. Smith had conveyed to Sheldon E. Bell on February 3, 1857. He also said it was the land conveyed by said George W. Smith, and also located it in Matagorda county, Tex., as was the land conveyed to Sheldon E. Bell. These two deeds showed that Bell lived in Harris county, Tex., where both were executed and delivered within just two or three months of each other. There is only one circumstance in this deed from Bell to Fowler which might weigh against the identity of the grantor with Sheldon E. Bell. That is, where it said the land was deeded to Bell in 1856. We do not think this is material. In the first place, if Bell had acquired any of this Hoit land in 1856, defendants would have shown such a deed in the records of Matagorda county, Tex.

They did not do so. Again, Bell refers in the Fowler deed to the same league granted to Samuel Hoit by the Mexican government on November 15, 1830, which was conveyed by George W. Smith in 1857. Smith had not received title to this land in 1856. Hence it is unreasonable to assume he conveyed it during that year.

With reference to the other two ancient instruments introduced, we are in hearty accord with the views expressed by counsel for plaintiff in error in his application for writ of error, when he says:

"Not only these instruments [ones just above discussed] showed that there was a mere transposition of the initials of Bell, but F. Lewis, in making to Samuel L. Fowler, a deed on October 15, 1859, again referred to the deed from G. W. Smith, dated at Houston, Harris county, Tex., February 3, 1857, and recorded in Matagorda county, Book J, pp. 125, 126, and set forth therein that it was made in favor of E. S. Bell, and Samuel L. Fowler accepted this instrument as being a correct one, and thereby irrevocably bound himself to the theory that E. S. Bell, his vendor, was the same person who received title from G. W. Smith for two-thirds of the Hoit league, although Bell received it in the name of Sheldon E. Bell."

"To further show the mere transposition of the initials of Bell, the deed from Lewis to Fowler dated October 19, 1859, which was accepted and placed of record by Fowler, referred to the land as being the same land conveyed by Wallace and other heirs of Samuel Hoit to G. W. Smith, by deed dated May 9, 1857, duly recorded in volume I, p. 486, and further refers to the land as being the same as conveyed by Smith on February 3, 1857, to Bell by deed recorded in volume J, pp. 125, 126, and conveyed by Bell to Fowler, by deed dated 1857, and recorded in volume I, p. 490, and all of which dates and references to recordation correspond with and prove with absolute conclusiveness the theory that E. S. Bell and Sheldon E. Bell were one and the same person."

In the absence of any proof controverting the identity of E. S. Bell with Sheldon E. Bell, we think the record clearly establishes the same. In fact, we think, in view of the record, as made by plaintiff in error, much controverting evidence would have been required to overcome the conclusion that E. S. Bell and Sheldon E. Bell were one and the same person. As we view it, this record almost irresistibly leads one to the conclusion that the identity was established. In any event, we are of the opinion that the rules of law on burden of proof in this connection have been satisfied. Under the pleadings and evidence in this case, we think the only proper judgment the trial court could have rendered was one awarding to Anna Dittman the entire 350 acres of land sued for.

Therefore we recommend that the judgments of the district court and the Court of Civil Appeals be reversed, and judgment here rendered in favor of plaintiff in error for the entire tract of 350 acres of land described in her original petition.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commissioner of Appeals is adopted, and will be entered as the judgment of the Supreme Court

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes