## DENHAM v. SMITH.
### No. 10140.

Court of Civil Appeals of Texas.
Austin.

May 13, 1953.

Rehearing Denied June 3, 1953.

Scarborough, Yates, Scarborough & Black, by Beverly Potthoff, all of Abilene, for appellant.

Taylor & Taylor, by Henry Taylor, Temple, for appellee.

GRAY, Justice.

This appeal is from an order overruling appellant's plea of privilege.

Appellee sued appellant in Lampasas County for damages and alleged that at about 3:30 in the afternoon of November 2, 1951, his truck-trailer was being pulled along the Lometa-Lampasas highway, and towards the town of Lometa; that appellant was driving an automobile along said highway and going in the same direction that appellee's truck-trailer was moving; that said automobile was driven into and against the back end of said truck-trailer causing damage to the truck-trailer and damage to baled hay with which it was loaded.

Appellee alleged that the damages sustained were the direct and proximate result of appellant's negligence, and that appellant was negligent in two respects:

"a. In failing to keep a proper lookout for plaintiff's truck-trailer at the time and place of collision.

"b. In driving his car into the back end of plaintiff's truck-trailer at the time and place of collision."

By his plea of privilege appellant alleged the county of his residence to be Taylor County.

The collision occurred in Lampasas County.

The evidence shows that the truck-trailer was loaded with baled hay and had broken down on the highway the day before the collision; that on the day of the collision it was being pulled along the highway, on the proper right-hand side, by a wrecker; that it was moving at about twenty or twenty-five miles an hour; that the highway was unobstructed at the place and that there were no other cars in the immediate vicinity though it appears there was one approaching the front of the truck-trailer but at the time it was some distance away and apparently was on its proper right-hand side of the highway. The automobile in question was driven into and collided with the back end of the truck-trailer and caused damage to it and to the hay.

Appellee was alone in the truck-trailer and there was no one in the automobile except the driver. The driver of the automobile was injured and was taken to a hospital but the extent of his injuries is not shown, neither is there any evidence of any statement made by the driver or of any conversation had with him. The only evidence of the identity of the driver was that insurance papers were found in the automobile with the name W. H. Denham on them and appellant said "that is where we got his name."

Appellant did not testify and did not call any witnesses.

Appellant here presents four points which are to the effect that: there is no pleading and no evidence of active negligence such as to constitute a trespass within Exception 9 of Article 1995, Vernon's Ann.Civ.St.; there was insufficient evidence of active negligence upon which to base a finding of trespass; there was no evidence, and insufficient evidence to support a finding that appellant was the driver of the automobile involved in the collision.

Section 61(a) of Art. 6701d, Vernon's Ann.Civ.St., provides:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway."

In Edwards v. Hawkins, Tex.Civ.App., 77 S.W.2d 1098, 1099, the Court said:

"The burden is on the plaintiff seeking to establish actionable negligence against the defendant to allege and prove the facts surrounding and leading to the accident. If, from the facts so shown, a jury may reasonably infer negligence proximately causing the injury, he has discharged such burden. Negligence, unless statutory, is usually an inference to be drawn from the testimony. While ordinarily some antecedent act or omission is charged to have constituted negligence and to have caused the injury, sometimes the very act which inflicts the injury, in view of the situation of the parties and the attending circumstances, is sufficient in itself to justify an inference of negligence and to support such a finding. In this case the negligence charged against appellant was active and personal. He was operating the car which overtook and collided with the motorcycle on which appellee was riding. Appellee by his testimony affirmatively exculpated himself from any act contributing to the accident. A person exercising ordinary care in the operation of a car on a public highway does not ordinarily overtake and collide with another vehicle traveling on the proper side of the road and at a reasonable speed. Such an unusual accident, in the very nature of things, suggests negligence. Appellee's allegations and proof showed more than a mere collision and resulting injury. They showed the character of the accident and such circumstances attending the same as to justify an inference of negligence on the part of appellant. (Authorities cited.)

"The negligent operation of a car resulting in striking and injuring the person or property of another constitutes a trespass."

That case was decided prior to the enactment of Art. 6701d, Section 61(a), supra. However in Sutherland v. Cotter, Tex.Civ.App., 226 S.W.2d 476, and in Cara-

way v. Behrendt, Tex.Civ.App., 224 S.W.2d 512, 514, both by the San Antonio Court, the court observed that the provisions of Section 61(a), supra, constitutes an enactment in statutory form of a tort liability long recognized in this State. In Caraway v. Behrendt, the Court said:

"Again, the rule is well stated in Rankin v. Nash-Texas Co., Tex.Civ. App., 73 S.W.2d 680, 683:

"'It may be stated as a wise and salient rule of law that, in trailing other automobiles, a motorist must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of the automobile in front suddenly stopping or decreasing its speed, so that he can stop or decrease his speed to avoid a collision, or can turn out safely to pass the vehicle in front. One cannot run down a vehicle proceeding in the same direction, without having been guilty of some negligence in the operation of his own, unless it appears that the collision was due to contributory negligence of the driver of the other vehicle. The collision, under ordinary circumstances, furnishes some evidence of negligent acts or omissions on the part of the driver of the trailing vehicle, which ordinarily calls upon the driver of the rear vehicle to explain and usually presents a question of fact for the determination of a jury.'"

Insofar as venue of this cause is concerned the evidence is sufficient to sustain appellee's allegations of negligence, and is sufficient to show a violation of Section 61(a), supra. Therefore it was alleged and proved that a trespass or crime within the meaning of Exception 9 was committed in Lampasas County.

It cannot be disputed that the fact that insurance papers bearing the name of W. H. Denham were found in the automobile was admissible as evidence on the issue of the identity of the driver, and since the driver was alone in the automobile there is some evidence of his identity. It is not disputed that the name W. H. Denham found on the insurance papers is the name of appellant, but the argument is that that fact standing alone was not sufficient evidence to show that he was the driver of the automobile.

In Steiner v. Jester, 86 Tex. 415, 25 S.W. 411, 412, the Court said:

"Similarity of name is held to be sufficient to establish identity of the person when there is no evidence to the contrary, and no suspicion cast upon the transaction by the evidence; but, in case the identity is controverted, then similarity of name alone is not sufficient to establish such identity. Robertson v. Du Bose, 76 Tex. 1, 13 S. W. 300. It depends upon the issue made by the evidence as to whether or not the similarity of name is sufficient. McNeil v. O'Connor, 79 Tex. [227], 229, 14 S.W. 1058; Fleming v. Giboney, 81 Tex. [422], 427, 17 S.W. 13."

The above pronouncement of the law has been applied in an action of trespass to try title where a plea of non est factum was interposed to the deed in controversy but no evidence was offered in support of such plea. Robertson v. Du Bose, 76 Tex. 1, 13 S.W. 300. It has also been held to be applicable to a venue case. Eilar v. Theobold, Tex.Civ.App., 201 S.W.2d 237.

Of course the burden of proof was on the appellee to establish that appellant was the driver of the automobile involved in the collision. Such proof is limited to the name found on the insurance papers and the fact that appellant did not testify and offered no evidence. Such failure lends probative force to the evidence that appellant's name was found on the insurance papers in the automobile. 17 Tex. Jur., p. 306, Sec. 87.

The unexplained presence in the automobile of insurance papers bearing appellant's name together with the fact that there was only one person in the automobile at the time of the collision is some evidence of the identity of the driver at the time. In the final analysis this evidence renders it more probable that appellant was such driver than that he was not. In this state of the record we think appellee's proof was

sufficient to sustain a finding that appellant was the driver of the automobile involved in the collision. 30 Tex.Jur. p. 597, Sec. 13.

The judgment of the trial court is affirmed.

Affirmed.