DITTMAN v. CORNELIUS et al. (No. 7766.)

(Court of Civil Appeals of Texas. Galveston. Nov. 26, 1919.)

1. TRESPASS TO TRY TITLE ⬤⟶6(1)—PLAINTIFF MUST RECOVER ON STRENGTH OF HIS OWN TITLE.

Plaintiff in trespass to try title must recover on the strength of his own title, and not on the weakness of the title of his adversary.

2. NAMES ⬤⟶16(3)—INITIALS NOT IDEM SONANS WITH CHRISTIAN NAME OF GRANTEE.

Where land was conveyed to "Sheldon E. Bell," and there appeared in plaintiff's chain of title conveyance by "E. S. Bell," the initials "E. S.," even though both conveyances were of great antiquity, cannot be deemed idem sonans with the name "Sheldon E."

3. EVIDENCE ⬤⟶353(3), 383(7)—IDENTITY OF GRANTOR AND GRANTEE NOT ESTABLISHED BY RECITALS IN DEEDS.

Where land was conveyed to "Sheldon E. Bell," and there appeared in plaintiff's chain of title a conveyance from "E. S. Bell," made shortly thereafter, which referred to a conveyance by the original grantor, held that, while the recitals in the two deeds, both of which were ancient documents, as to the name of the grantor, were admissible · in evidence, they were not conclusive that "Sheldon E. Bell" and "E. S. Bell" were the same persons.

4. APPEAL AND ERROR ⬤⟶1010(1)—FINDING OF COURT DEFERRED TO.

It is the province of the trial court to weigh the evidence, and where the evidence is not conclusive the appellate court will defer to the trial court's determination.

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Trespass to try title by Anna Dittman against W. D. Cornelius and others. From a judgment denying her relief, save as to lands as to which defendants disclaimed, plaintiff appeals. Affirmed.

Gaines & Corbett, of Bay City, and W. S. Strickland, of Eagle Lake, for appellant.

J. W. Conger, of Bay City, for appellees.

LANE, J. This suit was instituted in the district court of Matagorda county on the 16th day of November, 1917, by Anna Dittman against W. D. Cornelius, G. B. Culver, trustee, A. G. Smith, J. M. Smith, and Winnie E. Smith. The suit is one in trespass to try title, in which judgment is sought for the title and possession of a certain 350 acres of land out of the east corner of a league of land in Matagorda county, granted to Samuel Hoit. by the Mexican government on the 15th day of November, 1830.

On January 1, 1918, defendant Cornelius answered by plea of general denial and not guilty, and pleaded the three, five and ten year statutes of limitation in bar of plaintiff's suit to recover any part of the land claimed by defendants. On the same day the defendants G. B. Culver, A. G. Smith, J. M. Smith, and Winnie Smith filed their plea of general denial and not guilty. None of the defendants prayed for judgment for title. The cause went to trial before the court without a jury, and after certain evidence had been introduced defendants, by leave of the court, filed their trial amendment, in which they disclaimed as to a certain described 35-acre strip of land claimed by plaintiff lying west of the ' west line of a 480-acre tract claimed by W. D. Cornelius.

Judgment was rendered in favor of plaintiff, Anna Dittman, for the land disclaimed by defendants, and against her for the remainder of the land described in her petition and claimed by defendants. The judgment also denies the defendants a recovery of any portion of the land in controversy upon their answers, and expressly denies defendant W. D. Cornelius a recovery of title upon his

plea of limitation. Judgment was also in favor of plaintiff for all costs incurred up to the filing of the disclaimer by defendants, and against her for such costs as accrued thereafter. In other words, the effect of the judgment was to hold that neither plaintiff nor defendants had title to the land in controversy. It expressly decreed that plaintiff should take nothing by her suit against defendants, except for the land disclaimed by them, and also expressly decreed that defendant W. D. Cornelius take nothing under his plea of title by limitation.

In their brief appellees, in effect, state that the effect of the judgment is as we have stated it to be, and thereby concede that they failed to show that they had any title to any part of the land sued for, thus eliminating all matters and issues complained of and made by appellant in her assignments 1 to 22, inclusive, except the one as to whether the evidence conclusively shows title in appellant to the land sued for by her. We shall therefore confine our remarks to a discussion of this issue alone.

[1] Appellant, being the plaintiff and seeking affirmative relief, must show either conclusively or to the satisfaction of the trial court that she holds the title to the land before she can recover; she must rely upon the strength of her own title, and not upon the weakness of the title of her adversaries.

We now come to a discussion of the sole question to be considered: Did appellant show by evidence, conclusive upon the trial court, that she had title to the land in controversy? If she did, as contended for by her, the judgment of the court should be reversed and judgment here rendered for her; but, on the other hand, if the evidence offered for the purpose of proving, or which tended to prove title to the land in plaintiff was of such character that there was room for men of reasonable intelligence to differ as to the inference to be drawn therefrom, the finding of the trial court favorable to appellees upon such evidence must be sustained, and the judgment affirmed.

The undisputed evidence shows the grant of the league of land to Samuel Hoit; that after the death of Samuel Hoit an administration of his estate was pending in the probate court of Matagorda county, Tex.; that upon the petition of J. W. E. Wallace, filed in said probate court, the Hoit league of land was partitioned, one-third to John Quincy Adams Hoit, one-third to William H. Wallace, and one-third to Edward Dorsey—such parties being shown to be the sole heirs of Samuel Hoit, deceased.

· Plaintiff, Mrs. Dittman, to show her title to the land in controversy, introduced in evidence the following deeds:

A warranty deed from John H. Robson and E. B. Dorsey to G. W. Smith, dated November 9, 1852, filed for record November 15, 1852, and duly recorded, conveying two-thirds of the Samuel Hoit league in Matagorda county.

A quitclaim deed from William H. Wallace to George W. Smith, dated May 9, 1857, filed May 23, 1857, and duly recorded, conveying the entire Samuel Hoit league.

A warranty deed from George W. Smith to *Sheldon E. Bell*, dated *February 3, 1857*, filed for record March 10, 1859, and duly recorded in volume J, page 126 et seq., Deed Records of Matagorda county, Tex., conveying two-thirds of the Samuel Hoit league.

A deed from *E. S. Bell* to Mary A. L. Monroe, dated April 20, 1857, filed for record March 9, 1858, and duly recorded, conveying 350 acres of land out of the Samuel Hoit league, the same to be taken out of the lower east corner of said league and to be surveyed in a square so as to contain 350 acres.

Eight deeds from parties holding under Mary A. L. Monroe to show that such title as Mrs. Monroe held to the 350 acres in controversy passed by mesne conveyances from her to appellant, Mrs. Dittman.

Plaintiff also introduced, as ancient instruments, for the purpose of showing that *Sheldon E. Bell*, to whom two-thirds of the Hoit league was conveyed by George W. Smith, and *E. S. Bell*, who conveyed the 350 acres out of the lower east corner of said Hoit league to Mary A. L. Monroe, was one and the same person, the following instruments:

A quitclaim deed from E. S. Bell to Samuel Fowler, *dated April 28, 1857*, filed for record June 8, 1857, and duly recorded, in consideration of the sum of $1,050, conveying the following described tract of land:

"Lying and being situated in the county of Harris in the state of Texas, to wit, being one two-thirds of a league of land, and being and situated in Matagorda county, in the state of Texas, being the same land sold and conveyed to said E. S. Bell by deed *dated 1856*, signed by G. W. Smith, of Colorado county, Texas, and being two-thirds of the league granted to Samuel Hoit by the Mexican government November 15, 1830, and located in Matagorda county, state aforesaid; said grant and deed from G. W. Smith to E. S. Bell are referred to and made a part of the deed and conveyance to Samuel · L. Fowler, his heirs and assigns forever, as to a more particular description and location of said land and title."

A deed from F. Lewis to Samuel L. Fowler, dated October 15, 1859, filed for record November 25, 1859, and duly recorded in volume J, page 210, of the Deed Records of Matagorda county, Texas, witnessed by James Hurley and M. S. Butler, and duly acknowledged by *M. S. Buttler* before John S. Hollingshead, commissioner of Texas in the District of Columbia, on October 20, 1859, in consideration of the sum of $2,000, reading as follows:

"Have bargained, sold unto Samuel L. Fowler, and by these presents do grant, bargain,

sell unto said Fowler, his heirs, assigns forever, all that league of land in Matagorda county, state of Texas, known as Samuel Hoit league aforesaid, with the full understanding that G. W. Smith, of Colorado county, Texas, is hereby absolutely and entirely released from his warranty or guaranty in a certain deed dated Houston, February 3, 1857, and recorded at Matagorda, Texas, in Book J, pages 125 and 126, and made in favor of E. S. Bell. The aforesaid deed of conveyance to E. S. Bell from G. W. Smith as aforesaid is hereby declared to be only a quitclaim title to said land from said G. W. Smith. It is hereby agreed and understood that said G. W. Smith is fully and absolutely released from all responsibility to make good the title to said Samuel Hoit league aforesaid. This is also to release said G. W. Smith, heirs, assigns, from all the warranty or guaranty in said title forever; it being but a quitclaim title in all respects in law or equity."

A deed from F. Lewis to Samuel Fowler, dated October 19, 1859, filed for record November 29, 1859, and duly recorded in volume J, page 215 et seq., Deed Records of Matagorda county, Texas, witnessed by James Hurley and *M. S. Buttles*, and duly and legally acknowledged by *M. S. Buttles* before John S. Hollingshead, commissioner of Texas in the District of Columbia, on October 20, 1859, reading in part as follows:

"Know all men by this public instrument, made and entered into by and between F. Lewis, of the city of New York, in the state of New York, of the first part, and Samuel A. Fowler, of the county of Polk, in the state of Texas, of the second part, witnesseth: That for and in consideration of the sum of ten thousand dollars in hand paid by the party of the second part to the party of the first part, the receipt of which is hereby fully acknowledged and confessed, the said party of the first part of this act has granted, bargained, sold, conveyed, and released, and doth hereby grant, bargain, sell, convey, and release, unto the said party of the second part, heirs, assigns, and legal representatives, the following described land and premises, lying and being situated in the county of Matagorda, in the state of Texas, to wit: One league of land in Matagorda county, Texas, being the Samuel Hoit league granted to said Hoit by the Mexican government on the 15th day of Novbr., 1830, to said Samuel Hoit; the said grant is made a part of the title, *being the same league of land sold and conveyed by said Samuel Hoit to Charles H. Horgen* and by said Horgen to F. Lewis by deed duly recorded and which deeds are referred to and made a part of this deed, and conveyance. Also being the same league of land sold and conveyed by W. H. Wallace and heirs of Samuel Hoit to G. W. Smith, by deed dated May 9, 1857, and duly recorded in Matagorda county, Texas, in Book I, pages 486 and 487, and sold and conveyed by *said G. W. Smith* by deed dated June 25, 1857, and February 3, 1857, and duly recorded in Book J, pages 125 and 126, to *Fowler and Bell*, and conveyed by *E. S. Bell to S. L. Fowler* by deed dated 1857, and duly recorded in Book I, page 490, and sold and conveyed by Samuel L. Fowler by deed dated 4th day of February, 1858, and sold and conveyed by said John N. Palmer to F. Lewis, of city of New York, by deed dated the 15th day of February, 1859, on record in Book J, page 120; *all said deeds are duly recorded at Matagorda, Texas, and are all referred to and made a part of this deed and conveyance unto said S. L. Fowler, his heirs and assigns forever."*

It is shown by the evidence that the title to the land in controversy passed by a regular chain of transfers from Samuel Hoit, the original grantee, to *Sheldon E. Bell*, and that so far as shown by the evidence such title is still in him or his heirs, unless the deed of *E. S. Bell*, by which he attempted to convey said land to Mary A. L. Monroe, had the effect to pass the title from Sheldon E. Bell to the said Mary A. L. Monroe, under whom appellant claims. In other words, unless it is shown that *E. S. Bell*, who conveyed the land to Mary A. L. Monroe, was the same party to whom the land was conveyed under the name of *Sheldon E. Bell* the title to the land did not pass from Sheldon E. Bell to Mary A. L. Monroe by the deed of *E. S. Bell*, and as a consequence no title ever passed to appellant, who claims under Monroe, and in such event she could not recover the land in controversy in this suit.

[2-4] The contention of appellant that the title to lands which stood in the name of *Sheldon E. Bell* passed out of him by the deed of E. S. Bell cannot, of course, be sustained on the supposition that the two names are idem sonans. Nor can it, we think, be held that the recital in the deed from E. S. Bell to Samuel Fowler that the land thereby conveyed was the same land "sold and conveyed to E. S. Bell by deed dated 1856, signed by G. W. Smith," nor the recital in the deed from F. Lewis to Samuel Fowler that the land thereby conveyed had been conveyed by G. W. Smith to E. S. Bell by deed recorded in Book J. pages 125 and 126, Deed Records of Matagorda county, Tex., nor recitals of the same nature and effect as those in the two deeds mentioned in the other instruments introduced by appellant as ancient instruments, nor are all of such recitals conclusive proof that E. S. Bell, who conveyed the land in controversy to Mary A. L. Monroe, was the same person as Sheldon E. Bell to whom G. W. Smith conveyed the same land. White v. McCullough, 56 Tex. Civ. App. 383, 120 S. W. 1093, at page 1096. Such recitals were admissible as tending to show that two Bells, "Sheldon E." and "E. S.," were one and the same person; but they did not constitute conclusive evidence of that fact. There was no evidence, other than the recitals in the deeds introduced by appellant as ancient instruments, remotely tending to show that Sheldon E. Bell and E. S. Bell were one and the same person; and it will be noted that the deed from G. W. Smith to Sheldon

E. Bell was dated February 3, 1857, and that E. S. Bell, who sold to Mary A. L. Monroe on April 20, 1857, only about 45 days after Smith sold to Sheldon E. Bell, recited that the land was conveyed to him by deed dated in 1856. It is evident that E. S. Bell was claiming under a deed from Smith dated in 1856. He was not claiming as Sheldon E. Bell, who held title under a deed from Smith dated February 3, 1857. Taking the recitals in this deed, then, together with the recitals in the other instruments, when read as a whole, we think they fall very far short of furnishing such proof that Sheldon E. Bell and E. S. Bell were one and the same person as to be conclusive evidence of that fact upon the trial court. The evidence is not such as excludes the trial court from finding that appellants had not shown title. It was the province of the court to whom the cause was submitted to weigh the evidence adduced and to draw such conclusions therefrom as to his mind were justified, and as he has found that the evidence adduced was insufficient to show that the title to the land in controversy was in appellant, this court would not be justified in disregarding such finding.

Finding no such error in the trial of this cause as should cause a reversal of the judgment rendered, such judgment is affirmed.

Affirmed.

---

⊆⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes